UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA HAYER,<br><br>   Plaintiff,<br><br> v.<br><br>ALEX LIVERANT,<br><br>   Defendant. | Case No. 22-cv-05420-VC   (LJC)<br><br>**ORDER REGARDING DISCOVERY DISPUTES**<br><br>Re: Dkt. Nos. 53, 54 |

Before the Court are two joint discovery letters in a landlord-tenant dispute. See Jnt. Disc. Ltr., ECF No. 53; Jnt. Disc. Ltr., ECF No. 54.[1] Plaintiff alleges federal and state statutory and state tort claims based on allegations that her landlord refused to provide a reasonable accommodation by permitting her to keep an assistance dog in her home to help her manage her mental health disability symptoms. The parties have presented discovery disputes regarding Plaintiff's request for discovery related to Defendant's No-Pet Policy and his counsel's communications with his forensic psychologist, and Defendant's request to inspect Plaintiff's apartment and her assistance dog. Id.

The matter is fully briefed and suitable for decision without oral argument. Civil L.R. 7-1(b). Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the Court GRANTS Plaintiff's request for an order compelling Defendant to respond to Requests for Production (RFP) 7, 9-10, 14-17, and 26, and Interrogatories (ROG) 1-2, and DENIES Defendant's Request for Inspections (RFI) 42-45.

---

[1] For ease of reference, unless specified otherwise, the Court refers to the PDF page number generated by the Court's e-filing system when the document is electronically filed on the court docket.

## I. LEGAL STANDARD

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The party resisting discovery "has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." Bayside Sols., Inc. v. Avila, No. 21-CV-08738-PJH, 2023 WL 1415596, at *1 (N.D. Cal. Jan. 31, 2023) (internal quotation marks omitted).

## II. DISCUSSION

The parties present three discovery disputes to resolve, and the Court addresses each in turn.

### A. Discovery on Defendant's No-Pet policy (Plaintiff's RFPs 7, 9-10; Plaintiff's ROGs 1-2)

First, Plaintiff seeks discovery responses regarding the scope and implementation of Defendant's No-Pet Policy. ECF No. 53 at 1. Specifically, Plaintiff served the following RFPs and ROGs on Defendant regarding his No-Pet Policy:

> RFP NO. 7: All DOCUMENTS that reflect or RELATE to notices, warnings, unlawful detainer or eviction proceedings, or evictions because of YOUR tenants' breach of any policy regarding pets or other animals kept by tenants (including, but not limited to, any no-pet policy) at any of YOUR properties in the last 5 years.
>
> RFP NO. 9: All DOCUMENTS RELATING TO or reflecting any policy or practices regarding pets or other animals kept by tenants, including but not limited to any no-pet policy, at all YOUR properties, including any lease addenda and notices.
>
> RFP NO. 10: All DOCUMENTS RELATING TO any exceptions to any policy regarding pets or other animals, including but not limited to any no-pet policy, that were requested by tenants or applicants, were approved by YOU, or were denied by YOU at all YOUR properties in the last five years.

2

>ROG NO. 1: DESCRIBE any circumstances in which YOU make exceptions to any policy or practices regarding pets or other animals kept by tenants, including but not limited any no-pet policy, at the PROPERTY.
>
>ROG NO. 2: DESCRIBE the instances in which YOU made exceptions to any policy or practices regarding pets or other animals kept by tenants, including but not limited any no-pet policy, at the PROPERTY in the last 5 years.

Jnt. Disc. Ltr. Ex. A, ECF No. 53-1 at 2, 4.

Plaintiff argues she is entitled to the above discovery because her factual and legal claims involve Defendant's denial of her request for a reasonable accommodation under Defendant's No-Pet Policy. In Plaintiff's view, discovery related to Defendant's implementation of the policy, including exceptions and whether Defendant has uniformly applied the policy, is relevant to her claims because it may show Defendant had an unlawful discriminatory purpose in denying her request for a reasonable accommodation. See ECF No. 53 at 2 (citing Village of Arlington Heights v. Metropolitan Housing Corp., 429 U.S. 252, 266 (1977) and Pac. Shores Properties, LLC v. City of Newport Beach, 730 F.3d 1142, 1159 (9th Cir. 2013)).

Defendant objects to Plaintiff's discovery requests on the grounds that Plaintiff has not demonstrated that the requests are relevant to her claims, and her reliance on Arlington Heights and Pacific Shores Properties fails to establish the relevancy of the information she has requested. Defendant argues that evidence of the existence of a No-Pet Policy or waiver would not establish that Defendant failed to accommodate Plaintiff. ECF No. 53 at 3.

Plaintiff brings disability claims under the federal Fair Housing Act (FHA) and the California Fair Employment and Housing Act (FEHA). Under the FHA, "[d]iscrimination may be shown through disparate treatment, disparate impact, or refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford the handicapped individual an equal opportunity to use and enjoy a dwelling." See Johnson v. Birks Properties, LLC, No. 21-CV-01380-GPC-DEB, 2022 WL 104736, at *3 (S.D. Cal. Jan. 11, 2022) (internal quotation marks omitted) (citing S. California Hous. Rts. Ctr. v. Los Feliz Towers Homeowners Ass'n, 426 F. Supp. 2d 1061, 1066 (C.D. Cal. 2005)). FEHA bars the owner of any housing accommodation from discriminating against any person based on a

1    protected characteristic, including disability.  See Cal. Gov't. Code § 12955(a).  "In general,

2    California explicitly prohibits its fair housing laws from being construed to provide fewer rights or

3    remedies than the FHA and its implementing regulations."  Johnson, 2022 WL 104736, at *3

4    (internal quotation marks omitted).

5          Plaintiff's Complaint clearly alleges a theory of liability based on a refusal to provide

6    reasonable accommodations.  ECF No. 1 (Compl.) ¶¶ 1, 19-23, 29, 36-37.  Her complaint may

7    also be construed to allege liability based on disparate treatment, namely discrimination in the

8    terms, conditions, and privileges offered to Plaintiff because of her disability.  Id. ¶¶ 1, 19-23, 28,

9    36.  Arlington Heights and Pacific Shores Properties are not reasonable accommodation cases, but

10   they address the types of evidence that may establish purposeful discrimination or discriminatory

11   motive.  Arlington Heights recognizes that a plaintiff may establish that a defendant is motivated

12   by a discriminatory purpose by examining the historical background of the challenged decision,

13   and the defendant's departures from its normal procedures and substantive conclusions.  429 U.S.

14   at 266–68.  Pacific Shores Properties recognizes that for a plaintiff who alleges disparate treatment

15   under statutory anti-discrimination laws, evidence of a similarly situated person who was treated

16   better than the plaintiff is one way to establish such a claim.  730 F.3d at 1158.  Here, Plaintiff has

17   alleged disability discrimination claims that she may prove through evidence of purposeful

18   discrimination or discriminatory motive, and evidence concerning the treatment of similarly

19   situated non-disabled tenants is relevant to establish such a purpose or motive.  See Fed. R. Evid.

20   401 (Evidence is relevant if it has "any tendency to make . . . more or less probable . . . [a] fact

21   [that] is of consequence in determining the action.").  Accordingly, Plaintiff's discovery requests,

22   RFPs 7, 9-10 and ROGs 1-2 are designed to collect relevant information.

23         Even if Plaintiff did not allege a disparate treatment claim, the evidence sought through

24   RFPs 7, 9-10 and ROGs 1-2 is also relevant to her theory of liability based on Defendant's alleged

25   failure to provide a reasonable accommodation.  One required element that Plaintiff must prove

26   for such a claim is that the accommodation sought was reasonable.  CACI No. 2548 (Element No.

27   6).  A plaintiff may establish that a "companion pet" is a reasonable accommodation for an

28   individual with a mental disability, and "[e]ach inquiry is fact specific and requires a case-by-case

1 determination." Auburn Woods I Homeowners Assn. v. Fair Employment & Housing Com., 121
2 Cal. App. 4th 1578, 1593 (2004). Plaintiff may demonstrate the reasonableness of the
3 accommodation by showing that other individuals without disabilities were permitted to have dogs
4 in their homes.

5 Finally, Plaintiff alleges a tort claim for intentional infliction of emotional distress.
6 Compl. ¶¶ 72-75. This claim requires a showing of extreme or outrageous conduct, meaning that a
7 Defendant's conduct was "intended to inflict injury or engaged in with the realization that injury
8 will result." Hughes v. Pair, 209 P.3d 963, 976 (2009) (internal quotation marks omitted). Thus,
9 information regarding the implementation of Defendant's policy and his practices related to pets
10 could bear on whether his conduct was extreme or outrageous.

11 Defendant does not assert that responding to these discovery requests would be
12 burdensome. The Court notes that the building where Plaintiff resides allegedly has twelve units.
13 Given the scope of the requests, the number of apartments, and the claims alleged, Plaintiff's
14 requests are proportionate to the needs of the case. Accordingly, Plaintiff's request for an order
15 requiring Defendant to respond to RFPs 7, 9, 10 and ROGs 1 and 2 is GRANTED.

**B. Discovery regarding Defendant/Defendant's counsel's communications with a forensic psychologist (Plaintiff's RFPs 14-17, 26)**

Second, Plaintiff served the following discovery requests that encompass Defendant's communications with a forensic psychologist, Dr. John Fielder:

> RFP NO. 14: All COMMUNICATIONS between or among YOU and YOUR agents, employees, managers, or repair-persons REGARDING Health and Safety Code 122318 as RELATES to any of YOUR tenants in any of YOUR properties.
>
> RFP NO. 15: All COMMUNICATIONS between or among YOU and third parties REGARDING Health and Safety Code 122318 as it RELATES to YOUR tenants in any of YOUR properties.
>
> RFP NO. 16: All COMMUNICATIONS between or among YOU and third parties REGARDING PLAINTIFF's REASONABLE ACCOMMODATION request to have a dog or any other animal, her disability, or her dog.
>
> RFP NO. 17: All COMMUNICATIONS between or among YOU and third parties REGARDING PLAINTIFF's tenancy or rental application.

5

> RFP NO. 26: All COMMUNICATIONS with the forensic psychologist whom YOU consulted regarding PLAINTIFF'S REASONABLE ACCOMMODATION request for an assistance animal and the August 16, 2022, and September 5, 2022 letters RELATED to PLAINTIFF's disability and need for an assistance animal.

ECF No. 53-1 at 3.

Plaintiff argues she is entitled to the above discovery because Defendant relied on communications with his forensic psychologist to deny her accommodation request. ECF No. 53 at 4. Defendant argues that his forensic psychologist was retained as an expert in anticipation of litigation, and therefore, under Rule 26(b)(4)(D) of the Federal Rules of Civil Procedure, his August 2022 communications noted in Defendant's privilege log are not discoverable. Id. at 5.

Plaintiff's arguments are persuasive with respect to the timing of Defendant's consultation with Dr. Fielder, the limitations of Rule 26(b)(4)(B), and the court's decision in Atari Corp. v. Sega of America, 161 F.R.D. 417 (N.D. Cal. 1994). Rule 26(b)(4)(B) "does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit. Such an expert should be treated as an ordinary witness." Fed. R. Civ. P. 26(b)(4)(A) (Notes of Advisory Committee on Rules, 1970 Amendment). Furthermore, Atari noted situations in which "parties could cloak discovery sources in the protective veil of Rule 26(b)(4)(A) and thereby significantly impede the rightful access of their opponents to these sources." Atari, 161 F.R.D. at 421 (internal quotation marks omitted). Even if Dr. Fielder was consulted in "anticipation of litigation," any resulting privilege was waived due to Defendant's counsel's invoking Dr. Fielder's assessment as grounds for denying Plaintiff's request for reasonable accommodations. Dr. Fielder's communications from August 2022, which transpired a matter of days after Plaintiff's request for an accommodation, must be disclosed. Plaintiff's request is GRANTED as to RFPs 14-17 and 26.

    **C.**    **Defendant's request for inspection of Plaintiff's unit and her assistance animal (Defendant's RFI 42-45)**

Defendant has served the following requests for inspection (RFI) of Plaintiff's unit and her dog, and to examine her dog's abilities to provide support:

> RFI NO. 42: The real property at 236B Lily Street, San Francisco, California.
>
> RFI NO. 43: THE DOG.
>
> RFI NO. 44: The operation of THE DOG to provide tactile stimulation in treatment of your disability.
>
> RFI NO. 45: The operation of THE DOG to provide deep tissue massage in treatment of your disability.

Jnt. Disc. Ltr., ECF No. 54-1 at 2-3.

Plaintiff argues these discovery requests are overbroad and out of proportion to the needs of this case. See ECF No. 54 at 1. Defendant, on the other hand, argues that his requests are reasonable and central to the claims presented in this case. See id. at 3.

Defendant has not established that the information sought through his request would yield information bearing on either the claims or defenses in this case. With respect to the inspection of Plaintiff's dog, Plaintiff seeks an accommodation for an emotional support animal, not a service animal. In other words, Plaintiff's dog simply needs to be a dog to qualify as an emotional support animal, so no inspection of the dog or its qualities is relevant to this case. While Plaintiff informed Defendant that she intended to train her dog as a service animal, she never changed the dog's designation to a service animal. Indeed, in her Complaint, Plaintiff alleges her dog "is currently serving as an emotional support animal and is providing significant benefit to her ability to manage the symptoms of her disability" and that "[o]nce it is trained as a psychiatric service dog, she anticipates that it will provide even greater benefits." Compl. ¶ 25. Plaintiff's complaint governs the nature of her claims.

Even if this case concerned a service animal, Defendant is not entitled to inspect the dog. "Persons, including tenants . . . are permitted to have service animals . . . in all dwellings . . . . [t]he only permissible questions that can be asked of an individual to determine if the animal is a service animal are: 1) 'Are you an individual with a disability?' and 2) 'What is the disability-related task the animal has been trained to perform?' It is not permitted to ask the individual with a disability to demonstrate the task." Cal. Code Regs. tit. 2 § 12185(b). Accordingly, Defendant's request to inspect Plaintiff's dog is DENIED.

Regarding the inspection of Plaintiff's home, her unit has no bearing on whether she has a

7

disability, whether she needs an accommodation, whether her dog provides her with emotional support, or whether Defendant denied her an accommodation. Thus, at this juncture, Defendant has not demonstrated that the inspection of her unit is relevant to this case. Accordingly, the Court DENIES Defendant's RFIs 42-45.

**IT IS SO ORDERED.**

Dated: June 2, 2023

LISA J. CISNEROS
United States Magistrate Judge

8