UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA HAYER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALEX LIVERANT,<br><br>　　　　Defendant. | Case No. 22-cv-05420-VC   (LJC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S REQUEST FOR RELIEF REGARDING RECORDS SUBPOENA AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S REQUEST FOR INDEPENDENT MEDICAL EXAMINATION**<br><br>Re: Dkt. Nos. 70, 79 |

　　　　Now before the Court are two discovery letters that relate to evidence regarding Plaintiff Julia Hayer's mental health. ECF Nos. 70, 79. In one letter brief, Defendant Alex Liverant requests a mental evaluation of Plaintiff pursuant to Rule 35 of the Federal Rules of Civil Procedure. ECF No. 70. On September 7, 2023, the Court held a hearing on that request. In the second discovery letter, Defendant requests an order compelling nonparty Dr. Koshkarian's deposition and production of documents and electronically stored information (ESI). ECF No. 79. Dr. Koshkarian is one of Plaintiff's two treating psychologists; she supervised treatment provided by another psychologist, Dr. Rosenberg. On September 14, 2023, the Court held a hearing regarding the subpoenas and allowed additional argument on the mental examination request. Counsel for the parties and Dr. Koshkarian attended. Defendant clarified that he seeks Dr. Koshkarian's psychotherapy notes. With respect to the faulty service of the deposition subpoena, the parties and Dr. Koshkarian reached a compromise that resolved that dispute.[1]

---

[1] Dr. Rosenberg testified on September 7, 2023, and Plaintiff and Defendant had already negotiated mutually agreeable terms regarding the scope of Dr. Koshkarian's permissible testimony. Accordingly, counsel for Dr. Koshkarian agreed to accept a new subpoena for her

Case 3:22-cv-05420-VC   Document 93   Filed 09/17/23   Page 2 of 7

Having read the briefing and submissions filed by the parties and carefully considered their arguments, the record in this case, and the relevant legal authority, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's request for relief as to his records subpoena and **GRANTS IN PART AND DENIES IN PART** his request for a Rule 35 mental examination.

I.   BACKGROUND

Plaintiff alleges federal and state statutory and state tort claims based on allegations that her landlord refused to provide a reasonable accommodation by permitting her to keep an assistance dog in her home to help her manage mental health disability symptoms. According to Plaintiff's complaint, she rents a basement apartment in an approximately 12-unit building. Compl. ¶ 8. She alleges a mental health condition that substantially impairs major life activities, including sleeping and coping with stress, and she has been receiving treatment, including psychological therapy, for her disability since January 2022. Compl. ¶¶ 9-10. To better manage the symptoms of her disability, and with the advice of her therapist, Plaintiff decided to get a dog that would serve as an emotional support animal. Compl. ¶ 11. On or about August 19, 2022, Plaintiff emailed her property manager to request an emotional support animal in her home as a reasonable accommodation, attaching a letter from her therapists explaining the basis for her request. Compl. ¶ 12.

The property manager never responded, but a week later, Plaintiff received the first of a series of letters from, Mr. Hyde, counsel representing the building owner, to her and her therapists attacking her request on various grounds. Compl. ¶¶ 13-21. In response, on September 5, 2022, Plaintiff provided an updated letter to the property manager, asking to be allowed to have a service dog in training in her home. Compl. ¶ 17. On or about September 15, 2022, Plaintiff received a 10-day warning of a possible formal eviction notice. Compl. ¶ 22.

Plaintiff's Seventh Cause of Action alleges Intentional Infliction of Emotional Distress (IIED). Compl. ¶¶ 72-75. Plaintiff also alleges that as a direct and proximate result of

---

deposition, provided Plaintiff signed the necessary authorization. Plaintiff did so after the hearing. ECF No. 92 at 3. The dispute concerning service of the deposition subpoena is now moot, as Dr. Koshkarian shall accept service of a new subpoena.

Defendant's actions, she suffered and continues to suffer substantial harm, including anxiety and severe mental and emotional anguish. Compl. ¶ 26. At the hearings and in the briefing, however, Plaintiff has changed course, representing that she will not testify that she suffers ongoing emotional distress that forms basis of her IIED and other damages claims. ECF No. 70 at 4.

Plaintiff does not plan to prove disability, mental condition, or emotional distress through expert testimony. ECF No. 70 at 4. Defendant has designated Dr. John Fielder, a forensic psychologist, as an expert, and also seeks to have him conduct a mental examination of Plaintiff pursuant to Rule 35. Defendant has deposed Plaintiff, her treating psychiatrist, Dr. Kim, as well as her treating psychologist, Dr. Rosenberg, and will soon depose her second treating psychologist, Dr. Koshkarian. ECF Nos. 70 at 3, 81 at 1, 87 at 1. Defendant has received Plaintiff's psychiatry records, relating to her psychiatry care and visits, and her therapist records. ECF No. 70 at 3. Both the therapist and psychiatrist records list Plaintiff's disability diagnosis. ECF No. 70 at 4.

Defendant seeks a Rule 35 mental examination to evaluate Plaintiff's emotional distress that is the basis for her IIED claim, how her mental health diagnosis limits major life activities, and how a support animal might alleviate her condition. ECF Nos. 70 at 1-2, 90 at 1.

## II.    SUBPOENAS TO DR. KOSHKARIAN

Defendant seeks to enforce the subpoena for records served on Dr. Koshkarian as to her psychotherapy notes. The psychotherapy notes are distinct from progress notes, medical records, or official records. ECF No. 79 at 4. Psychotherapy notes capture the therapist's impressions about the patient, contain details of the psychotherapy conversation considered to be inappropriate for the medical record, and are used by the provider for future sessions. Id. Dr. Koshkarian opposed Defendant's request based on the absence of a necessary release authorization from Plaintiff. Plaintiff argues that such an authorization is ineffective because she does not have an individual right to access psychotherapy notes, as they are not medical records subject to a HIPAA release. The Court is unpersuaded that by Plaintiff's reliance on 45 C.F.R. § 164.524(a)(1)(i) and *Jaffee v. Redmond*, 518 U.S. 1, 2 (1996). However, Defendant's briefing does not establish that the Court has the authority to compel Plaintiff to authorize such a release for psychotherapy records. Accordingly, unless Plaintiff signs the release, Defendant's request is **DENIED.**

3

Defendant has raised concerns that he lacks complete therapist records, in particular from Dr. Koshkarian, and seeks court intervention to verify the completeness of the records. The approach taken to produce Dr. Koshkarian's records to Defendant is generally consistent with Rule 45(d)(1) of the Federal Rules of Civil Procedure, which requires a party or attorney issuing and serving a subpoena to take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena. Plaintiff and her counsel are ordered to sign and submit to Defendant declarations that they have turned over to Defendant all documents received from the therapists. Defendant has not demonstrated that an court order imposing additional burdens on the nonparty therapists is warranted. Thus, Defendant's request for relief is **GRANTED IN PART**.

### III.  REQUEST FOR MENTAL HEALTH EVALUATION PURSUANT TO RULE 35

Under Rule 35, a court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination" upon a showing of "good cause," Fed. R. Civ. Proc. 35(a)(1) & (a)(2)(A). Accordingly, to justify a mental examination under Rule 35, the defendant must demonstrate (a) that the plaintiff has placed their mental condition "in controversy," and (b) "good cause" for the examination. Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964). These requirements "are not met by a mere conclusory allegations of the pleadings – nor by mere relevance to the case – but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." Id. Rule 35 "requires a discriminating application by the trial judge." Id. "Suffering a legal wrong is often emotionally distressing, but if that qualified as putting a mental condition 'in controversy,' courts would be ordering mental exams all the time, which is inconsistent with the 'discriminating application' required by Rule 35. Hardin v. Mendocino Coast District Hosp., No. 17-cv-05554-JST, 2019 WL 1493354, *1 (N.D. Cal. April 4, 2019).

"Even if good cause is shown, it is still within the court's discretion to determine whether to order an examination." Franco v. Boston Scientific Corp., No. 05-CV-1174 RS, 2006 WL 3065580, *1 (N.D. Cal. Oct. 27, 2006). "Although the rule is to be construed liberally to allow the examination, the court must still balance the right of the party to be examined to avoid personal

invasion against the moving party's right to a fair trial." Id.

Here, Plaintiff's mental condition is "in controversy," as it is the subject of litigation based on her tort claim for intentional infliction for emotional distress. Gavin v. Hilton Worldwide, Inc., 291 F.R.D. 161, 164 (N.D. Cal. 2013); Turner v. Imperial Stores, 161 F.R.D. 89, 95 (S.D. Cal. 1995) (intentional infliction of emotional distress claims place mental condition in controversy.). In addition, Plaintiff alleges discrimination based on her mental health condition, Compl. ¶ 9. A claim based on a mental disability is sufficient to place the plaintiff's mental state in controversy. Gavin, 291 F.R.D. at 164.

Turning to the "good cause" requirement, "the moving party generally must offer specific facts justifying the discovery." Id. at 165. Relevant factors courts consider include "the possibility of obtaining desired information by other means, whether plaintiff plans to prove her claim through testimony of expert witnesses, whether the desired materials are relevant, and whether plaintiff is claiming ongoing emotional distress." Id. The Court considers these factors in connection with both asserted bases for the mental examination—Plaintiff's IIED claim and disability discrimination claims.

First, Plaintiff's IIED claim will require proof of severe emotional distress. Defendant has had an opportunity to obtain related information. Defendant has deposed Plaintiff and her treating psychiatrist. He has deposed one of Plaintiff's therapists and will soon depose Dr. Koshkarian, the other therapist. Plaintiff does not allege ongoing severe emotional distress. Nor does she intend to prove emotional distress through an expert. On balance, Defendant has not specified facts that justify an invasive mental examination on account of Plaintiff's IIED claim where there are multiple other sources of relevant information. See Franco, 2006 WL 3065580, *1.

On the other hand, Defendant also argues that a mental examination is warranted to evaluate Plaintiff's mental disability and whether a dog is a reasonable accommodation for her condition. Plaintiff argues that the mental examination is an improper effort to evaluate the severity of her condition, but it is clear Defendant disputes the condition itself and the accommodation. ECF Nos. 36 at 5, 90 at 2. Plaintiff does not plan to prove her disability through an expert, and the care providers are arguably sources for information related to the disability and

reasonable accommodation. However, Defendant specifically points out that Dr. Kim declined to provide a letter of support and contends that the therapists' letters of support were unreliable for various reasons. Defendant has also specified the tool to be used to evaluate Plaintiff—a two-hour test called the Minnesota Multiphasic Personality Inventory-2. Accordingly, Defendant has demonstrated that a mental examination is not superfluous. Moore v. City and Cnty. of San Francisco, No. 18-cv-00634-SI, 2019 WL 955286, *1 (N.D. Cal. Feb. 27, 2019). There is good cause for a Rule 35 examination to assess Plaintiff's condition and whether the dog is a reasonable accommodation.

Even when a litigant has established good cause for a Rule 35 examination, the Court retains broad discretion to set limitations. See Gavin, 291 F.R.D. at 165-66 (limiting the scope of a mental evaluation after finding good cause for the request). Notably, Defendant requests a mental examination conducted by Dr. Fielder. However, Dr. Fielder has already been involved in this dispute. Defendant invoked Dr. Fielder's early, dim assessment of Plaintiff's letters of support as grounds for resisting her request for an accommodation. ECF 57 at 6. Accordingly, Dr. Fielder is not suitable, in this case, to conduct an independent mental examination of Plaintiff.

Defendant's request for a Rule 35 mental examination is **GRANTED AND DENIED IN PART**. Defendant may conduct a Rule 35 limited to an assessment of Plaintiff's mental condition and whether the dog is a reasonable accommodation but must retain a qualified examiner other than Dr. Fielder.

**IV.    CONCLUSION**

Defendant's request to enforce the therapist records subpoena as to psychotherapy notes is **DENIED.**

Defendant's request for an order verifying completeness of the therapist record production is **GRANTED IN PART.** Plaintiff and her counsel are ordered to sign and submit to Defendant declarations that they have turned over all documents received from the therapists.

//

//

//

Defendant's request for a Rule 35 mental examination is **GRANTED AND DENIED IN PART**. Defendant may conduct a Rule 35 limited to an assessment of Plaintiff's mental condition and whether the dog is a reasonable accommodation but must retain a qualified examiner other than Dr. Fielder.

**IT IS SO ORDERED.**

Dated: 9/17/2023

LISA J. CISNEROS
United States Magistrate Judge