UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA HAYER,<br><br>        Plaintiff,<br><br>    v.<br><br>ALEX LIVERANT,<br><br>        Defendant. | Case No. 22-cv-05420-VC<br><br>**ORDER DENYING CROSS MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 97, 121 |

Hayer filed a motion for partial summary judgment arguing she is entitled to judgment on her failure to accommodate, retaliation, and disparate treatment claims. Liverant filed his own motion for summary judgment asserting he is entitled to judgment on all claims. Both party's motions are denied. This order assumes familiarity with the facts, the parties' arguments, and the legal standards.

*Failure to Accommodate*. Under the Fair Housing Act, a plaintiff can prevail on a reasonable accommodation claim by showing that: (1) the plaintiff is disabled within the meaning of 42 U.S.C. § 3602(h); (2) the defendant knew or should reasonably be expected to know of the disability; (3) accommodation of the disability may be necessary to afford the disabled person an equal opportunity to use and enjoy the dwelling; (4) the accommodation is reasonable; and (5) the defendant refused to make the requested accommodation. *Dubois v. Association of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (9th Cir. 2006).[1]

---

[1] The California Fair Employment and Housing Act provides broader protection than the FHA and has essentially the same elements, thus, any violation of the FHA is also a violation of the FEHA. *See Pack v. Fort Washington II*, 689 F. Supp. 2d 1237, 1247-1248 (E.D. Cal. 2009). Likewise, the California Unruh Act and Disabled Persons Act claims are analyzed

As became clear at the hearing, both parties agree that when a tenant requests an accommodation for a disability, a landlord may not summarily refuse the accommodation without violating the FHA. Both parties also recognize that when a disability is not obvious, a landlord is permitted to ask for additional information to confirm that the tenant is disabled or requires a specific accommodation. *See* U.S. Department of Housing and Urban Development, Fair Housing and Equal Opportunity Notice No. FHEO-2020-01, *Assessing a Person's Request to Have an Animal as a Reasonable Accommodation Under the Fair Housing Act*, 9-10 (Jan. 28, 2020). Furthermore, the parties do not dispute that a landlord is obligated to engage in an interactive process with a tenant in good faith before refusing an accommodation.

It's obvious that Liverant's motion for summary judgment must be denied. Hayer asked that she be permitted to keep an emotional support animal in the apartment and included supporting documentation from her treating psychologist. Although her request was vague enough that it justified further inquiry, Liverant's response (which came in the form of a letter from his lawyer to Hayer's psychologist) was hostile and obnoxious, to the point that a reasonable jury could easily conclude that the response was effectively a bad-faith summary refusal. For example, Liverant questioned the necessity and use of emotional support animals, asking if Hayer's psychologist was "aware that there are researchers in your field who have evaluated the extant research on the alleged therapeutic effect of so-called emotional support animals and concluded it is not yet clear if they have any therapeutic value." He also requested "citations to six peer-reviewed research articles" that Hayer's psychologist relied on "to prescribe the species of animal in question for the therapeutic treatment of Ms. Hayer's specific disabling functional limitations."

The more difficult question is whether Hayer is entitled to summary judgment based on Liverant's seeming failure to engage in a good-faith interactive process. Hayer relies primarily

---

"coextensively with any reasonable accommodation claims under the FHA and FEHA." *West v. Palo Alto Housing Corporation*, No. 17-CV-00238-LHK, 2019 WL 2549218 (N.D. Cal. June 20, 2019); *see also Montano v. Bonnie Brae Convalescent Hospital, Inc.*, 79 F. Supp. 3d 1120, 1132 (C.D. Cal. 2015).

on two cases in support of her motion. First, in *Castellano v. Access Premier Realty, Inc.*, 181 F. Supp. 3d 798 (E.D. Cal. 2016), the plaintiff sought to keep an emotional support cat in her apartment as a reasonable accommodation. The defendant responded by repeatedly denying the request and asking for more documentation of the plaintiff's disability. *Id.* at 802-03. The court ruled in the plaintiff's favor, concluding that the defendants knew or should have known the plaintiff was disabled based on the letters and supporting documents provided by the plaintiff. *Id.* at 806. Despite many similarities, one difference in *Castellano* was that, in addition to medical documentation, the plaintiff also received SSI disability benefits—which was noted on her rental application and which constituted objective verification of her disability. *Id.*

Second, in *Smith v. Powdrill*, 2013 WL 5786586, at *2 (C.D. Cal. Oct. 28, 2013), the plaintiff requested an emotional support dog as an accommodation for her mental disability. However, unlike here, the defendants simply denied the request without any further inquiry. *Id.* The court ruled in favor of the plaintiff on summary judgment, explaining that the defendants had "failed to ask Plaintiff for further documentation or engage [in] an 'interactive process' to assuage any doubts they harbored about her mental disability." *Id.* at *5, *12.

It certainly does not appear that Liverant responded in good faith to Hayer's accommodation request. But Liverant did respond in some fashion and conveyed that he lacked the "information necessary to evaluate Ms. Hayer's request for a reasonable accommodation," such as "specific functional limitations" and "the species of animal" being prescribed. The fact that Liverant's response included some arguably reasonable information requests in what was mostly an obnoxious attack letter makes it possible (however unlikely) that a reasonable juror could find good faith.

*Retaliation and Disparate Treatment Claims*. Hayer also moves for summary judgment on her retaliation and disparate treatment claims under the FHA. She argues the 10-day Warning Notice was an adverse action in response to her accommodation request. *See Powdrill*, 2013 WL 5786586, at *9-10. She also asserts Liverant's actions toward non-disabled tenants seeking to have pets demonstrates discrimination in the form of disparate treatment. Although Hayer has

3

established a prima facie case for both claims, Liverant has also provided nondiscriminatory reasons for his actions, namely that Hayer breached the no-pets provision of the lease and that Liverant's differential treatment can be explained by the type of animal that tenants sought to keep. Thus, there remain disputed issues of material fact as to Liverant's motivations and summary judgment must be denied. *See Walker v. City of Lakewood*, 272 F.3d 1114, 1128 (9th Cir. 2001) (retaliation claim); *Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999) (disparate treatment claim).

*Intentional Infliction of Emotional Distress and Negligence Claims*. Liverant moves for summary judgment on all Hayer's claims, including intentional infliction of emotional distress and negligence. However, he provides no separate argument or specific support. Therefore, he cannot prevail on summary judgment of these claims.

**IT IS SO ORDERED.**

Dated: November 30, 2023

_____
VINCE CHHABRIA
United States District Judge