UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA HAYER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALEX LIVERANT,<br><br>　　　　　Defendant. | Case No. 22-cv-05420-VC<br><br>**ORDER ON MOTIONS IN LIMINE**<br><br>Re: Dkt. Nos. 145, 146, 147, 148, 149, 151,<br>152, 153, 166, 183 |

　　　　This order summarizes the Court's rulings on the parties' motions in limine. As a reminder, a ruling on a motion in limine may be revised at trial. *See City of Pomona v. SQM North America Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017).

　　　　Liverant's Motions in Limine

　　　　1.  Liverant's Motion in Limine #1 to exclude the testimony of Hayer's expert, Elba Romo, is granted in part and denied in part. Romo's testimony is relevant to the standard of care in Hayer's negligence claim. Romo is qualified to opine on this issue as she has worked in the property management business for twenty-two years. Her testimony is also reliable since it draws on her many years of experience in the property management field. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150-51 (1999). Romo is not permitted to opine specifically, based on her own review of the evidence, that Liverant breached his duty of care, because that would be an impermissible legal conclusion and would also invade the factfinding province of the jury. *See E.E.O.C. v. Sierra Pacific Industries*, No. 208CV01470, 2010 WL 3941416, at *1 (E.D. Cal. Oct. 5, 2010). However, Romo is free to testify about the general standard of care for building managers handling accommodation requests, and about whether a hypothetical set of facts would

satisfy the standard of care.

Liverant's related argument (which is really a summary judgment argument in disguise) that a general negligence claim is not available based on a failure to accommodate is unpersuasive. While it is true that a negligence claim is only viable to the extent that there was in fact a failure to accommodate, that does not preclude the availably of a negligence claim if the jury finds that Liverant did fail to accommodate Hayer. *See McClendon v. Bresler*, No. 22-55068, 2022 WL 17958633, at *2 (9th Cir. Dec. 27, 2022); *Southern California Housing Rights Center v. Los Feliz Towers Association*, 426 F. Supp.2d. 1061, 1069 (C.D. Cal. 2005).

2. Liverant's Motion in Limine #2 to exclude all references to "emotional support animal" as the operative accommodation request is denied. It is undisputed that Hayer requested an emotional support animal as a reasonable accommodation. Therefore, there is no basis to exclude references to this request. Liverant's assertion that Hayer's second letter requesting a psychiatric service dog as an accommodation somehow overrides or supersedes her initial request for an emotional support animal is not supported by the law. *See* 2 C.C.R. § 12176(f)(3)-(4).

3. Liverant's Motion in Limine #3 to exclude Hayer's testimony that every single organization she contacted informed her that she had met her obligations in the interactive process is denied. The statement is not hearsay because it is not being offered to show the truth of the matter asserted—that Hayer in fact satisfied her obligations—but rather to demonstrate the effect it had on Hayer. It is highly relevant to the extent that Liverant intends to argue that Hayer was acting in bad faith—something he made clear at the pretrial conference that he intends to do. Liverant is free to request a limiting instruction regarding this evidence if he wishes.

4. Liverant's Motion in Limine #4 to exclude any evidence or testimony that was not disclosed under Rule 26 or during discovery is granted subject to the exceptions discussed below. In his initial motion, Liverant did not identify any specific evidence or testimony that he wished to exclude but the Court agrees that, as a general matter, any evidence or testimony that was not properly disclosed is inadmissible.

At the pretrial conference, Liverant specified two witnesses who he believed had not been disclosed in discovery. Liverant subsequently filed a motion to exclude the testimony of these two witnesses, Eloise Reid and Hilary Acer, on the grounds that neither witness was identified in Hayer's disclosures until after discovery was closed. Dkt. No. 183. Hayer responded that although neither witness was named in her initial disclosures, both were made known to Liverant through discovery. Specifically, Hayer produced text messages between herself and the two witnesses and in response to Liverant's interrogatories, she provided the names, phone numbers, and occupations of the witnesses, as well as the fact that they were Hayer's friends.

This is a close question, because Hayer's disclosures are likely deficient. But exclusion of a witness is a harsh sanction, and given the delay in the start of trial, the better remedy is to allow Liverant to depose each witness if he chooses. Liverant's motion to exclude this testimony is thus denied with the caveat that he may take the depositions of Eloise Reed and Hilary Acer prior to trial.

5. Liverant's Motion in Limine #5 to exclude the testimony of Hayer's expert witness, Dr. Hoy-Gerlach, is granted in part and denied in part. Dr. Hoy-Gerlach offers two expert opinions. First, she provides an opinion on the general biopsychosocial benefits of human-animal interactions, including everyday interactions with an emotional support animal. Second, Dr. Hoy-Gerlach opines on the specific biopsychosocial benefits of Hayer's dog Kona on Hayer's mental health conditions.

Liverant's motion to exclude Dr. Hoy-Gerlach's first opinion is denied. Dr. Hoy-Gerlach is qualified to offer this opinion as she is a trained social worker and has published research on human-animal interactions. Her opinion on the general benefits of human-animal interactions is also reliable as it is based on her own research, as well as an assessment of other scientific and peer-reviewed studies on the subject. Liverant argues that this opinion is not relevant. But Dr. Hoy-Gerlach's testimony explaining, in general, the ways that emotional support animals can help people with mental disabilities will likely aid the jury in understanding the requested accommodation in this case. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579,

593 (1993).

With respect to Dr. Hoy-Gerlach's second opinion, there are two problems. First, the opinion lacks reliability. Dr. Hoy-Gerlach's report does not demonstrate how the methods she used to arrive at this opinion are based on science or expertise. Instead, the opinion appears to be based entirely on Hayer's self-report of the benefits of having Kona. And regurgitating Hayer's conclusions about Kona's benefits will not be particularly helpful to the jury, given that Hayer can testify about that herself. Second, the opinion is somewhat removed from the central issue in the case, which is whether it was reasonable for Liverant to respond to Hayer's accommodation request the way he did. An after-the-fact assessment of whether the accommodation in fact helped is only marginally relevant to this issue, and expert testimony on an issue of marginal relevance threatens to waste the jury's time and create jury confusion. Accordingly, Dr. Hoy-Gerlach's second opinion is excluded.

<u>Hayer's Motions in Limine</u>

1. Hayer's Motion in Limine #1 to exclude testimony from Liverant's expert Dr. Fielder is granted. Dr. Fielder offers two general opinions: (1) that Hayer's treating psychologists are not in compliance with section 3.10 of the Ethical Principles of Psychologists and Code of Ethics because they did not obtain signed or oral consent from Hayer; and (2) that the psychologists are not in compliance with sections 2.04 and 9.0 of the Code of Ethics because they did not provide a name for her disability, did not list the major life activities the disability impacts, and did not provide a disability evaluation. The first opinion is unreliable and not based on the facts in this case, as the record demonstrates Hayer did in fact sign a consent form. The second opinion is also unreliable because Dr. Fielder cites to section 9.0 of the Code of Ethics, which does not exist. He also again misstates the facts by saying Hayer's disability was not named when the psychologists' notes clearly list the names of Hayer's diagnoses. Because neither of Dr. Fielder's opinions are reliable, both are excluded.

2. Hayer's Motion in Limine #2 to exclude rebuttal testimony from Dr. Fielder is granted. Dr. Fielder seems to offer a critique as to both of Dr. Hoy-Gerlach's opinions. First, he

asserts her opinions on human animal interactions are based on subjective methods that cannot be replicated. As to this testimony, Dr. Fielder does not explain how his education, training, or experience as a forensic psychologist qualifies him as an expert on the subject of human animal interactions. At the pretrial conference, counsel for Liverant agreed that Dr. Fielder is not an expert in human animal interactions and that Dr. Fielder's expertise in forensic psychology "is not necessarily going to translate well." Dr. Fielder also seeks to rebut Dr. Hoy-Gerlach's second opinion, but such testimony is moot given the exclusion of Dr. Hoy-Gerlach's second opinion.

      3.   Hayer's Motion in Limine #3 to exclude evidence regarding alternative methods of managing her disability is denied as moot. At the pretrial conference, Liverant confirmed that he does not intend to argue that Hayer was required to try other methods of accommodating her disability before requesting an emotional support animal. To the extent Liverant wants to argue that Hayer failed to mitigate her emotional distress damages, he is free to do so. He is also permitted to introduce evidence regarding Hayer's purported trouble with sleeping, assuming it is not excludable for some other reason.

      4.   Hayer's Motion in Limine #4 to exclude testimony about portions of Dr. Rosenberg's therapy notes from June 2023 that reference Hayer's discussion of "legal strategy" is granted. Liverant asserts that these therapy notes are relevant both to liability and damages. On liability, Liverant argues the notes are relevant to his theory that Hayer made a fraudulent request for an accommodation. He contends the notes support an inference that Hayer was using her relationships with her therapists, not for her own treatment, but as a scheme to get a dog by creating a false impression that she needed an emotional support animal accommodation. But the therapy notes in question are from almost a year after Hayer sought her accommodation. The fact that Hayer discusses with her therapists how the lawsuit has interfered with her relationship with them nearly a year after asking for an accommodation provides very little, if any, support for Liverant's theory. If there is any relevance at all, it's marginal.

      As to damages, Liverant contends that the discussion of "legal strategy" in the therapy notes supports an inference that Hayer's emotional harm stems more from the stress of the

litigation than from the denial of the accommodation request. And he contends, correctly, that Hayer may not seek additional damages based on the stress of litigation. *See Torres v. Automobile Club of Southern California*, 43 Cal. Rptr. 2d 147, 154-55 (Ct. App.), *review granted and opinion superseded sub nom. Torres v. Automobile Club of Southern California*, 902 P.2d 1297 (Cal. 1995), *and rev'd on other grounds*, 15 Cal. 4th 771, 937 P.2d 290 (1997), *as modified on denial of reh'g* (July 16, 1997); *see also Picogna v. Board of Education of Township of Cherry Hill*, 143 N.J. 391, 396-99 (1996) (collecting cases); *Zimmerman v. Direct Federal Credit Union*, 262 F.3d 70, 80 (1st Cir. 2001). But it does not follow that these treatment notes are relevant to damages. Based on the discussion at the pretrial conference, the Court's understanding is that Hayer does not intend to argue that the breakdown of the patient-therapist relationship was the result of the denial of her accommodation request. Between that, and the fact that Hayer will not be able to seek damages for the stress caused by litigation, it's unclear how these notes are relevant to the question of how much emotional harm the denial of the accommodation caused her.

To the extent the notes have any relevance, either with respect to liability or damages, the relevance is so minimal that the unfair prejudice of the notes substantially outweighs any probative value. *See* Fed. R. Evid. 403. The phrase "legal strategy" could be unfairly prejudicial, and the fight over what was meant by this phrase, and by the notes overall, will be a distracting waste of time that could result in jury confusion. Thus, the therapy notes from June 2023 will be excluded. Of course, if Hayer says something at trial that could render the notes more relevant (for example, if she asserts that the denial of the accommodation caused the relationship with her therapists to deteriorate), the door could be opened to admission of this evidence.

**IT IS SO ORDERED.**

Dated: March 4, 2024

_____
VINCE CHHABRIA
United States District Judge